UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOSE ORTEGA and SILVIA GALVAN,　　　　　　　　　　　　　　　No. 08-11834

　　　　　　　　Debtor(s).
_____/

Memorandum re Conduct of Counsel
_____

  This Chapter 13 case began as something of a mystery to the court. When this matter came on for hearing on September 26, 2008, due to the debtors' failure to file schedules and a plan, attorney Ricardo R. Ochoa appeared and announced he was appearing "specially" for counsel for the debtors Jackson, Crowder & Associates. However, when the court examined the docket it clearly showed that Ochoa was the attorney of record for the debtors and signed the petition. Ochoa then informed the court that the petition was a "mistake" without explaining how such a mistake could be made. Also, a review of the docket showed that no attorney had filed a disclosure of compensation of fees paid or agreed to be paid, as required by § 329(a) of the Bankruptcy Code and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure.

  The court dismissed the case due to the failure of the debtors to file schedules, but reserved jurisdiction to sanction counsel. The court then ordered Ochoa and the "real" attorney identified by Ochoa, Douglas A. Crowder, to appear and show cause why they should not be sanctioned. The court also ordered them to produce the original signed petition pursuant to B.L.R. 5005-2(c).[1]

---

  [1]Northern District of California B.L.R. 5005-2(c) provides, in pertinent part:

   The electronic filing of a document purportedly signed by someone other than the Registered Participant, including but not limited to the petition . . . shall be deemed a certification by the Registered Participant that he or she has the document in question, bearing the person's original signature, in his or her physical possession. The Registered Participant must produce the original signed document on request by the Court and the Registered

1

Ochoa and Crowder appeared as ordered but their explanation was very disturbing to the court. First, Ochoa explained that he was to be only a special appearance counsel in this case but he gave his ECF login and password to Crowder to be used in "emergencies" after Ochoa had reviewed the pleadings and that he had not authorized use of his login and password in this case. Second, Crowder explained that the filing of this case was a "mistake," that the clients had not authorized the filing or signed a petition, and that accordingly there was no original petition to produce.

The court cannot envision a more serious breach of a lawyer's duty to the court than that presented here. Papers signed by debtors under penalty of perjury are at the very heart of every bankruptcy filing. A debtor must know that his or her entitlement to a discharge depends on complete and accurate documents. If there is no actual signed original, the debtor is given a free pass. If no questions are raised about the accuracy of the documents, the debtor accepts a discharge. If it is discovered that the documents contain false information, the debtor can escape the consequences by showing he never signed anything.[2] This situation cannot be permitted to happen, and court rules place responsibility for protecting the integrity of pleadings squarely upon the lawyers. In this case, both Crowder and Ochoa have failed their duties to the court.[3]

---

Participant shall retain the document bearing the original signature until five years after the case . . . is closed.

[2] In this case, the debtors received an automatic stay upon filing which lasted until the court dismissed their case. If they re-file, they can argue that they are not subject to the "repeat filer" provisions of § 362(c)(3) of the Bankruptcy Code because they never signed the first petition.

[3] Ochoa seeks to shift the blame to Crowder, but he is clearly responsible because his ECF login and password were used. The ECF Procedures adopted in this district pursuant to B.L.R. 5005-1(a) provide, in pertinent part:

Only the Registered Participant, another attorney in the Registered Participant's office, an employee of the Registered Participant or their law office staff may use the Registered Participant's login and password to file on behalf of the Registered Participant. The Registered Participant shall be responsible for any filings made using his or her login and password.

2

The electronic filing of a petition when the debtors have not actually signed it is a violation of Rule 9011 of the Federal Rules of Bankruptcy Procedure. *In re Phillips*, 433 F.3d 1068, 1071 (8th Cir. 2006); *In re Brown*, 328 B.R. 556, 559 (Bkrtcy.N.D.Cal. 2005). Sanctions are clearly in order here, both as punishment for prior acts and to deter future lapses.

Up until now, the court has assessed only fairly nominal sanctions for erroneous ECF filings, assuming that the violations of the rules are due to ignorance of relatively new procedures. However, the court feels that stiff sanctions are required in this case. Electronic filing has been in effect for over five years now; the rules are no longer new. Moreover, the violations here are of the most serious nature and the attitudes of the attorneys here – especially Crowder, who claims 31 years of experience – evidences either cavalier disregard of the sanctity of pleadings if not actual intent to abuse electronic filing rules.[4]

For the foregoing reasons, the court will assess a sanction against each counsel in the amount of $10,000.00, to be paid to the Clerk of the Court. Provided, however, that all but $2,500.00 as to Crowder and $1,500.00 as to Ochoa will be stayed so long as they never again file a pleading without having the signed original in their possession. The court will from time to time demand to see the original pleading of anything either counsel has filed in any court. If the attorney cannot immediately produce the original, the stay of the fine will be lifted and the balance will be immediately payable. If the false filing was before this court, further sanctions will be considered here. If the filing is in another court, the matter will be referred to that court for imposition of further sanctions.

The record shows that the petition was filed on September 2, 2008. When the case was dismissed on October 2, 2008, neither attorney had filed a fee disclosure as required by by § 329(a) of the Bankruptcy Code and Rule 2016(b) of the Federal Rules of Bankruptcy Procedure. Crowder admits that he took $2,000.00 from the clients, which he says he returned on October 15, 2008, without ever disclosing the fees

---

[4]Crowder's actions in particular are hard to reconcile with 31 years' experience. According to his testimony, until this case he had no internal procedure in place to avoid false filings. Either Crowder, after 31 years in bankruptcy law, does not understand the extreme importance of accurate and properly verified pleadings or he does not care.

3

to the court. Accordingly, the court finds that all fees in this case are forfeited and will order any fees not already returned to be returned to the debtors. In addition, Crowder shall pay and additional fine of $500.00 to the Clerk.

A separate order will be entered. Both Crowder and Ochoa are reminded of their ethical responsibilities pursuant to California Business and Professions Code § 6068(o)(3).

Dated: November 13, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge